**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **MICHELLE FERGUSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:15-cv-122-RL-SLC |
| ) | |
| **LIFE INSURANCE COMPANY OF** ) | |
| **NORTH AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Defendant removed this case to this Court from the Grant Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DE 1). The Notice of Removal, however, elicits concerns regarding the Court's subject matter jurisdiction. As always, subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004); thus, the Court now raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

In particular, the Court is concerned that the amount in controversy does not exceed $75,000, as required under 28 U.S.C. § 1332(a). A party that chooses federal court is required to set out the basis of federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

Plaintiff alleges in her Complaint that Defendant breached the terms of a group insurance policy when it discontinued her long-term disability benefits. (DE 2). She seeks unpaid disability benefits and damages for "emotional distress, financial losses and other losses" due to Defendant's "bad faith refusal" to pay her claim. (DE 2).

In its Notice of Removal, Defendant estimates Plaintiff's unpaid disability payments

through the date of her complaint at $12,773; future benefits at a net present value of $101,583.75; and punitive damages at $34,307.25. (DE 1 at ¶¶ 6, 7). Defendant acknowledges that Plaintiff seeks damages for emotional distress, financial losses and other losses, but makes no attempt to plausibly assign a dollar value to these matters. As such, Defendant satisfies the $75,000 jurisdictional minimum only by including future benefits. (DE 1 at ¶ 9).

However, "[i]n a case seeking payments under a disability insurance policy where the dispute is over whether the plaintiff qualifies for the benefits, only amounts allegedly past due can be considered 'in controversy.'" *Stachewicz v. Nat'l Union Fire Ins. Co. of Pittsburg[h], PA*, No. 3:09-cv-470, 2009 WL 3065065, at *2 (S.D. Ill. Sept. 23, 2009). "Thus, future payments under a disability insurance policy cannot be used to determine the amount in controversy for federal jurisdiction where the plaintiff seeks only payment of certain benefits." *Id.* (citing *Keck v. Fid. & Cas. Co.*, 359 F.2d 840, 841 (7th Cir. 1966)). "Future benefits payable under a contract of insurance may be used to compute the sum in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is the matter in dispute." *Id*. (quoting *Keck*, 359 F.2d at 841); *see also Kaplan v. Standard Ins. Co.*, No. 11 C 6487, 2013 WL 5433463, at *3 (N.D. Ill. Sept. 30, 2013). Here, the issue appears to be whether Plaintiff is entitled to long-term disability benefits under the policy, not whether the policy itself is valid.

The case relied upon by Defendant in its Notice of Removal, *Paddack v. Life Insurance Company of North America*, No. 4:09-cv-25, 2009 WL 2611932, at *2-3 (N.D. Ind. Aug. 24, 2009), is distinguishable. There, Defendant's numerical estimates of the plaintiff's unpaid

2

disability benefits, punitive damages, and other compensatory damages exceeded $75,000 without consideration of future benefits. *Id*. at 2-5 (observing that defendant had abandoned the future damages category in its response to plaintiff's motion to remand, and thus, that the court need not decide whether future benefits should be included in the amount in controversy).

Consequently, the Court, through its authority under Rule 12(h)(3), ORDERS Defendant to submit a brief in support of its assertion that the amount in controversy exceeds $75,000. Defendant is afforded up to and including June 3, 2015, to submit the brief.

SO ORDERED.

Enter for this 20th day of May, 2015.

s/ Susan Collins  
Susan Collins  
United States Magistrate Judge